[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13169
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-01523-MHH

MICHAEL K. SHARP,

Plaintiff - Appellant,

versus

THE CITY OF HUNTSVILLE, AL.,
R. H. DICKEY,
Officer,
S. RODENHAUSER,
Judge,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 23, 2018)

Before JULIE CARNES, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Michael Sharp, proceeding pro se,[*] appeals the district court's dismissal of his 42 U.S.C. § 1983 civil action against Municipal Court Judge S. Rodenhauser, Officer R. H. Dickey, and the City of Huntsville, Alabama ("City"). Briefly stated, this appeal arises from a municipal traffic court proceeding in which Sharp was declared guilty of running a red traffic light. The district court's dismissal order presents a thoughtful analysis of the case. No reversible error has been shown; we affirm.

I.

Sharp alleges that Judge Rodenhauser violated his constitutional rights by (1) denying Sharp's request for a jury trial, (2) adjudicating Sharp guilty despite having determined that the color of the traffic light as shown in the dash cam video was "inconclusive," and (3) by commenting that "whenever an officer's testimony contradicts that of the citizen, the officer's word is taken for granted."

---

[*] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court determined that Sharp's claims against Judge Rodenhauser were barred by judicial immunity.  Because Sharp was proceeding in forma pauperis in district court, the district judge dismissed sua sponte Sharp's claim for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  A district court's grant of judicial immunity is also reviewed de novo.  Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2000).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation omitted).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Id.  In determining whether a judge acted within his judicial capacity, we consider whether the act (1) "constituted a normal judicial function;" (2) "occurred in the judge's chambers or in open court;" (3) "involved a case pending before the judge;" and (4) whether "the confrontation arose immediately out of a visit to the judge in his official capacity."  Id.

3

Here, Judge Rodenhauser acted clearly within his judicial capacity in denying Sharp's request for a jury trial and in making statements about evidence and about witness credibility.  Each of the complained-of acts constituted a normal judicial function, occurred in open court, and pertained to a case then-pending before Judge Rodenhauser.  Moreover, each of the alleged acts occurred during the course of Sharp's traffic court proceedings: proceedings over which Judge Rodenhauser had subject matter jurisdiction.  Judge Rodenhauser, thus, did not act in the "clear absence of all jurisdiction."

Judge Rodenhauser is entitled to absolute judicial immunity.  The district court dismissed properly Sharp's claims against Judge Rodenhauser.

II.

Sharp also appeals the district court's dismissal -- pursuant to Fed. R. Civ. P. 12(b)(6) -- of his claims against the City and against Officer Dickey for failure to state a claim.

We review <u>de novo</u> a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff.  <u>Butler v. Sheriff of Palm Beach Cnty</u>., 685 F.3d 1261, 1265 (11th Cir. 2012).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and in Ashcroft v. Iqbal, 556 U.S. 662 (2009). This plausibility standard requires that a complaint contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1940. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965.

About Sharp's claims against the City, Sharp appears to allege that the City violated his rights (1) by failing to produce contact information for a witness to the charged traffic violation; and (2) by engaging in "systemic complicity," in which the City, the traffic court, and the police department conspired to generate revenue from traffic violations.

To impose section 1983 liability on the City (as opposed to employees of the City), Sharp must show these things: (1) a violation of his constitutional rights; (2) that the City had a custom or policy that was deliberately indifferent to that constitutional right; and (3) a causal link between the City's policy or custom and the violation. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Construed liberally, Sharp's complaint contains no allegations either that the City

had a deliberately indifferent custom or policy or that the alleged constitutional violations were caused by such a custom or policy. Sharp has, thus, failed to state a claim for relief against the City.

The district court also dismissed properly Sharp's claim against Officer Dickey for failure to state a claim. Sharp alleged that Officer Dickey provided perjured testimony at Sharp's trial. Police officers, however, are entitled to absolute immunity from liability under section 1983 for their testimony during trials, <u>even if</u> the officer is alleged to have committed perjury. <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281, 1286 (11th Cir. 1999) (noting that the penalty for false testimony is a potential prosecution for perjury).

AFFIRMED.